UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEVEL HELSOP, | : |
| Petitioner, | : Civ. No. 13-5942 (KM) |
| v. | : OPINION |
| IMMIGRATION AND NATURALIZATION SERVICE, | : |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Nevel Helsop, is currently a state prisoner at the East Jersey State Prison in Rahway, New Jersey. Mr. Helsop is a native of Jamaica and is currently serving a thirty year sentence for murder and other charges. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Mr. Helsop challenges an order of removal against him that was entered after he was convicted for murder. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II. BACKGROUND

Mr. Helsop was convicted in state court of murder, criminal trespass, unlawful possession of a weapon and possession of a weapon for an unlawful purpose.[1] Thereafter, Mr. Helsop was ordered removed to his country of citizenship, Jamaica, because he was convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

Mr. Helsop's appeal to the Board of Immigration Appeals was ultimately unsuccessful. In 2001, he sought habeas relief in this Court under 28 U.S.C. § 2241. (*See* Civ. No. 01-2909.)

---
[1] Petitioner incorporates his prior case, Civ. No. 01-2909, as the factual background of this case.

1

That 2001 habeas petition sought relief from the order of removal. On March 2, 2004, the Court denied the 2001 habeas petition, concluding that the immigration authorities did not violate Mr. Helsop's constitutional rights by ordering his removal. Mr. Helsop did not appeal that decision.

On October 2, 2013, the Court received this habeas petition from Mr. Helsop. In this petition, Mr. Helsop requests that the Court vacate his order of deportation and grant asylum based on extraordinary circumstances. Specifically, Mr. Helsop asserts that, if he is removed to Jamaica, his life is in danger at the hands of the family of his wife, whom he murdered.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

On May 11, 2005, the REAL ID Act was enacted. It provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other

2

> habeas corpus provision, and sections 1361 and 1651 of such title,
> a petition for review filed with an appropriate court of appeals in
> accordance with this section *shall be the sole and exclusive means
> for judicial review of an order of removal entered or issued under
> any provision of this chapter*, except as provided in subsection (e)
> of this section. For purposes of this chapter, in every provision
> that limits or eliminates judicial review or jurisdiction to review,
> the terms "judicial review" and "jurisdiction to review" include
> habeas corpus review pursuant to section 2241 or Title 28, or any
> other habeas corpus provision, sections 1361 and 1651 of such
> title, and review pursuant to any other provision of law (statutory
> or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). REAL ID's modifications of former law "effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Bonhonmetre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively strips a District Court of jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244-45 (3d Cir. 2008); *Appiah v. United States Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego-Gomez v. Clancy*, No. 11-5942, 2011 WL 5288590, at *2 (Nov. 2, 2011), *aff'd*, 458 F. App'x 91 (3d Cir. 2012) (per curiam); *Calderon v. Holder*, No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see also Duvall v. Attorney Gen. of United States*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

There is one important distinction to note. An alien challenging the legality of his detention (as opposed to an order of removal) can still petition a district court for a writ of habeas corpus. *See Bonhonmetre*, 414 F.2d at 446 n.4.

In this case, Mr. Helsop's petition expressly seeks this Court to review his order of removal. Indeed, he seeks an order vacating his order of removal based on alleged extraordinary circumstances. The REAL ID Act strips this Court of jurisdiction to consider such a habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Before the REAL ID Act was enacted, Mr. Helsop filed a habeas petition in this Court challenging his order of removal that was denied. (*See* Civ. No. 01-2909 Dkt. Nos. 6 & 7.) As Mr. Helsop unsuccessfully sought review of his order of removal previously, the Court finds that it is not in the interest of justice to transfer this action to the Third Circuit as a petition for review. My decision not to transfer this action to the Third Circuit does not prevent Mr. Helsop from separately filing a petition for review in the Third Circuit if he wishes to do so. I express no opinion on the merits of such a petition.

Mr. Helsop has also requested the appointment of counsel. He does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if the petitioner

4

has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64. In this case, the Court finds that the appointment of counsel is not warranted, because there is no nonfrivolous claim; there is no claim at all. This Court lacks jurisdiction to consider the habeas petition.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed because the Court lacks jurisdiction. An appropriate order will be entered.

Dated: November 14, 2013

_____
KEVIN MCNULTY
United States District Judge